PER CURIAM.
We reverse a final judgment entered against Heritage 5, LLC, arising from a dispute between neighboring property owners. The evidence was that Martin Estrada altered his abutting property by filling in an east-west drainage ditch and cutting off water flow from the ditch to a north-south canal. The evidence showed that Estrada’s alterations harmed Heritage 5’s operations, and to a significant degree: the flooding destroyed mature plants, spread disease among young plants, and destroyed part of the nursery’s infrastructure.
Estrada’s use of his property violated the reasonable use rule adopted by the Supreme Court in Westland Skating Center, Inc. v. Gus Machado Buick, Inc., 542 So.2d 959 (Fla.1989). In that case, the Court wrote:
[A] possessor of land is not unqualifiedly entitled to deal with surface waters as he pleases nor is he absolutely prohibited from increasing or interfering with the natural flow of surface waters to the detriment of others. Each possessor is legally privileged to make reasonable use of his land even though the flow of surface waters is altered thereby and causes some harm to others. He incurs liability only when his harmful interference with the flow of surface waters is unreasonable.
Id. at 961. The court also discussed the parameters of the rule:
The principle that an upper landowner enjoys an easement across the lower tract for all naturally occurring surface water continues to apply to land in its natural state. However, when any party improves his land, thereby causing surface waters to damage his neighbor’s property, the reasonable use rule shall be applied in order to settle the controversy. The rule applies not only in cases involving the conduct of the upper owner but also to improvements by the lower owner, such as the construction of dams designed to protect against the natural flow of surface waters across the lower land.
Id. at 963 (citation omitted).
In employing its reasonableness analysis in Westland, the Supreme Court did not distinguish between land in its historical, i.e., natural state, and land that has been improved. The essence of the reasonable *1293 use rule is that natural surface flow should remain unobstructed. While man-made canals and ditches were added to the area over the years, they facilitated the natural flow of the water that had existed previously, from the north to the southwest. Considering the transition of the land from wetlands to agricultural use, the canal and ditches here at issue were part of a drainage scheme meant to preserve, but not change, the natural surface flow and drainage. Estrada’s alterations to this scheme unreasonably interfered with it, causing damage to Heritage 5’s property.
We reverse the final judgment and remand to the circuit court to determine damages and to set the terms of a permanent injunction.
STEVENSON, GROSS and GERBER, JJ., concur.